IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENUS ET FLEUR, LLC, a New Jersey limited liability company, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 18-cv-____ |
| v. | )<br>) Judge: |
| FLEUR DE L'AMOUR, LLC, an Illinois limited liability company, | )<br>) Magistrate Judge: |
| Defendant. | )<br>) JURY TRIAL DEMANDED |

**COMPLAINT**
**FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF**

Plaintiff Venus et Fleur, LLC, by its attorneys, alleges and complains against defendant Fleur de l'Amour, LLC as follows:

**NATURE OF THE ACTION**

1. In this action, Venus et Fleur, LLC ("Plaintiff" or "Venus") seeks injunctive and monetary relief for trademark infringement under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and for unfair competition and unfair trade practices under Illinois and federal law arising from the unauthorized use by Fleur de l'Amour, LLC ("Defendant") of Plaintiff's trademark in connection with selling flowers and floral arrangements.

**PARTIES**

2. Venus is a New Jersey limited liability company with its principal place of business at 246 8th Avenue, 3rd Floor, New York, New York 10011. It is in the business of creating and selling long-lasting flowers and floral arrangements.

3. On information and belief, Fleur de l'Amour, LLC is an Illinois limited liability company, with its principal place of business at 1907 N. Mendell St., Chicago, Illinois 60642. It

also is in the business of selling long-lasting flowers and floral arrangements

## JURISDICTION AND VENUE

4. This action arises and is brought under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 because this action arises under the laws of the United States and relates to trademarks. This Court also has pendent and supplemental jurisdiction over all related federal and state law claims for trademark infringement, unfair competition and consumer fraud in accordance with 28 U.S.C. § 1338(b) and § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events that give rise to this action have occurred and continue to occur in this judicial district.

7. This Court has personal jurisdiction over Defendant because it is doing business in Illinois and its principal place of business is located within this judicial district. In addition, it transacts business in this judicial district, including by offering and selling products through its website, reaching customers in Illinois and this judicial district, and has committed acts of infringement in this judicial district.

## FACTUAL ALLEGATIONS

### Venus and Its Registration and Use of the VENUS ET FLEUR® and REAL ROSES THAT LAST A YEAR® Trademarks

8. Venus began doing business in 2015, creating and selling long-lasting flowers and floral arrangements. It uses roses that are treated with a proprietary solution that maintains their elegance and beauty for up to a year. Its flowers are creatively arranged and packaged in a distinctive Venus box. Venus' flowers and arrangements have been and are available at

www.venusetfleur.com and other sources.

9. Venus has used the VENUS ET FLEUR® marks, both with and without design elements, in commerce in the United States since September 1, 2015, and has used the REAL ROSES THAT LAST A YEAR® mark in commerce in the United States since November 30, 2015, to market and sell flowers, floral bouquets and floral arrangements.

10. VENUS ET FLEUR® marks and REAL ROSES THAT LAST A YEAR® mark extend nationwide and beyond, and have created nationwide common law rights, which rights arose on the dates of their respective first uses.

11. On April 26, 2016, Venus filed for registration of the mark "VENUS ET FLEUR" in connection with online retail store services featuring flowers, floral bouquets and floral arrangements, with the United States Patent and Trademark Office. The VENUS ET FLEUR® mark was registered on the Principal Register, on January 17, 2017, Registration No. 5,122,248. A true and correct copy of the Registration Certificate for it is attached as Exhibit A.

12. On February 7, 2017, Venus filed for registration of the mark "VENUS ET FLEUR" (with design), described as consisting of "filigreed oval with the words 'VENUS ET FLEUR' within the oval, the word 'VENUS' on top, the word 'ET' in small letters below 'VENUS', and the word 'FLEUR' in larger letters on bottom" in connection with online retail store services featuring flowers, floral bouquets and floral arrangements, with the United States Patent and Trademark Office. The VENUS ET FLEUR® with design mark was registered on the Principal Register, September 5, 2017, Registration No. 5,280,594 ("Venus' Design Mark"). A true and correct copy of the Registration Certificate for it is attached as Exhibit B.

13. On October 4, 2017, Venus filed for registration of the mark "REAL ROSES THAT LAST A YEAR" in connection with online retail store services featuring flowers, floral bouquets

and floral arrangements with the United States Patent and Trademark Office. The REAL ROSES THAT LAST A YEAR® mark was registered on the Supplemental Register on March 27, 2018, Registration No. 5,435,234. A true and correct copy of the Registration Certificate for it is attached as Exhibit C.

14. Venus has been continuously marketing and selling various flowers, floral bouquets and floral arrangements nationwide and using the VENUS ET FLEUR® marks and REAL ROSES THAT LAST A YEAR® mark since it first used them in commerce.

15. Among other things, Venus has used the VENUS ET FLEUR® marks and REAL ROSES THAT LAST A YEAR® mark (described on Exhibits A – C, referred to as "Venus' Marks") to market and sell flowers, floral bouquets, and floral arrangements to the general public through various channels, including without limitation in brick-and-mortar stores and online through websites, including www.venusetfleur.com, https://www.instagram.com/venusetfleur/ and https://twitter.com/venusetfleur.

16. Venus has extensively used, advertised and promoted Venus' Marks and its business, and Venus' Marks signify Venus as the source of its products.

17. Venus receives and fills orders from customers in Illinois.

### Defendant's Infringement of Venus' Design Mark

18. On information and belief, Defendant began using FLEUR DE L'AMOUR and REAL ROSES THAT LAST A YEAR during 2016, in its business of marketing and selling long-lasting flowers, floral bouquets and floral arrangements, including through its website, to customers in Illinois and elsewhere in the United States.

19. Defendant's infringing FLEUR DE L'AMOUR design mark ("Fleur's Design Mark"), which is shown several places on a screenshot (copy attached as Exhibit D) of a website

4

for Defendant, is nearly identical in sight, sound, and meaning, particularly the decorative border, font type and smaller font size for the middle words (i.e., "et" and "de") to Venus' Design Mark described at Exhibit B. The main deviation is the order of the words "Venus" and "Amour", and even as to them, both of the words separately or taken together with each respective mark have similar meanings of love.

20. Defendant has used a REAL ROSES THAT LAST A YEAR mark that was identical to Venus' Mark (described at Exhibit C) in an identical way to how Venus uses its mark. Defendant also has used and uses minor variations of the phrase REAL ROSES THAT LAST A YEAR in connection with marketing and selling its goods.

21. Defendant's use of Fleur's Design Mark and REAL ROSES THAT LAST A YEAR mark began after Venus' Marks were first used.

22. Defendant markets, services and sells long-lasting flowers, floral bouquets, and flower arrangements using Fleur's Design Mark, which are the same types of goods and services marketed and sold by Venus.

23. Defendant markets, services and sells flowers, floral bouquets and flower arrangements using on its boxes and website Fleur's Design Mark (as shown on Exhibit D) that is substantially similar to the design of Venus' trademark identified at Exhibit B. The design Defendant uses with FLEUR DE L'AMOUR consists of a decorative oval with the words "FLEUR DE L'AMOUR" within the oval, the word "FLEUR" on top, the word "DE" in small letters below "FLEUR", and the word "L'AMOUR" in larger letters on bottom. The printing on the tops of boxes used by Defendant also is similar to the printing on the tops of boxes used by Venus.

24. Defendant uses some of the same channels of trade as Venus, by offering its products bearing the infringing marks online (on a website and Instagram page), similar to those

where Venus' products are sold and marketed.

25. As a result, Defendant markets and sells its products using the infringing mark to the same types of consumers as those who purchase Venus' products.

26. Venus has not licensed or otherwise agreed to allow Defendant to use Venus' Marks.

**Defendant's Infringement is Willful**

27. Upon information and belief, before Defendant was established as a limited liability company and before Defendant began its business operations, a person who is associated with Defendant or who is one of its principals knew of Venus and its business and on May 2, 2016, placed an online order with and engaged in a business transaction with Venus.

28. On May 10, 2018 Venus sent a cease and desist letter ("Cease and Desist Letter") to Defendant. A true and correct copy of the Cease and Desist Letter is attached as Exhibit E.

29. The Cease and Desist Letter informed Defendant that Venus is the registered owner of Venus' Marks and, among other things, that Defendant's use of Fleur's Design Mark and REAL ROSES THAT LAST A YEAR mark infringed upon Venus' intellectual property rights in Venus' Marks.

30. The Cease and Desist Letter also informed Defendant that use of the infringing marks was likely to cause confusion because one infringing mark was nearly identical in sight, sound and meaning to Venus' Design Mark and the other copied or imitated Venus' REAL ROSES THAT LAST A YEAR® mark, and demanded that Defendant cease use of the infringing marks.

31. Defendant received the Cease and Desist Letter because Venus received an email acknowledging receipt and stating the letter was forwarded to an attorney for review.

32. Despite the foregoing initial response, as of the date of filing this complaint,

Defendant has not communicated or attempted to communicate with Venus or its counsel to substantively respond to the Cease and Desist Letter.

33. On information and belief, after receiving the Cease and Desist Letter, Defendant discontinued use of REAL ROSES THAT LAST A YEAR, but then substituted similar language in its marketing materials.

34. Upon information and belief, Defendant had actual or constructive knowledge of Venus' Marks and Venus' exclusive right to use Venus' Marks as early as 2016.

35. Defendant also has had actual knowledge of Venus' Marks and Venus' exclusive right to use Venus' Marks as of May 2018 because of the Cease and Desist Letter.

36. Upon information and belief, Defendant's intentional use of Fleur's Design Mark is done with the intent to mislead the public into believing that Defendant's products are in some way sponsored by, affiliated with, or connected to Venus' products, which are advertised and sold under Venus' Marks.

37. Upon information and belief, Defendant adopted a design for its website https://fleurdelamourchicago.com in 2016 that is strikingly similar to Venus' pre-existing website, including through its layout, use of photos and certain of its language.

38. Upon information and belief, Defendant's acts adopting confusingly similar marks to Venus' Marks and utilizing similar design elements on its boxes and website were knowingly, deliberately, and intentionally carried out in bad faith or with reckless disregard for or with willful blindness to Venus' rights and were done for the purpose of causing confusion among consumers and/or trading on Venus' Marks, Venus' reputation, and the goodwill associated with Venus' Marks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement – 15 U.S.C. § 1114)**

39. Venus incorporates by reference the allegations in paragraphs 1 through 38, above.

40. Venus owns Venus' Marks.

41. Defendant is not authorized to use Venus' Marks.

42. Venus' Marks are distinctive and entitled to protection as trademarks pursuant to 15 U.S.C. § 1127.

43. Venus has obtained nationwide common law rights in Venus' Marks by virtue of its use of Venus' Marks in commerce.

44. Registration of Venus' Marks indicated at Exhibits A and B constitutes prima facie evidence of the validity, ownership, and right to exclusive use of those marks and provides constructive notice of ownership.

45. Defendant has used and continues to use Fleur's Design Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services, including in competition with goods offered by Venus.

46. Defendant's continued use of Fleur's Design Mark and infringement of Venus' Design Mark is likely to cause confusion and mistake among the public as to the source of the parties' respective goods and services.

47. Defendant's unauthorized use and infringement of Venus' Design Mark is trademark infringement violating the Lanham Act, 15 U.S.C. § 1114(1).

48. Defendant's continued use and infringement of Venus' Design Mark is willful and/or in bad faith because Defendant received both constructive and actual notice of Venus' ownership and registration of Venus' Marks.

49. As a direct and proximate result of Defendant's unauthorized use and infringement of Venus' Design Mark, Venus has no adequate remedy at law and is suffering irreparable injuries

and damages in an amount to be proven at trial.

50. Pursuant to 15 U.S.C. § 1116(a), Venus is entitled to an injunction prohibiting Defendant from further using and infringing Venus' Design Mark.

51. Pursuant to 15 U.S.C. § 1117(a), Venus is entitled to recover (i) the profits Defendant has derived in connection with its unauthorized infringement of Venus' Design Mark, (ii) damages it incurred as a result of Defendant's unauthorized infringement of Venus' Design Mark, and (iii) the attorney fees and costs incurred in pursuing this claim.

52. Pursuant to 15 U.S.C. § 1117(a) and (b), Venus should be awarded and is entitled to recover treble damages from Defendant.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin or Sponsorship and Unfair Competition -- 15 U.S.C. § 1125 *et seq*.)**

53. Venus incorporates by reference the allegations in paragraphs 1 through 52, above.

54. This is a claim for false designation of origin or sponsorship and unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin that is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant's conduct also constitutes an attempt to trade on the goodwill that Venus has developed in Venus' Marks.

56. Defendant's conduct is likely to confuse and mislead consumers.

57. Upon information and belief, Fleur's Design Mark is a deliberate and intentional design that Defendant is using to cause confusion and mistake to deceive the public and purchasers.

58. By its conduct, Defendant has caused Venus irreparable harm, damage, and injury, including to the value and goodwill of Venus' Marks, as well as to Venus' business, goodwill, and

9

reputation.

59. Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

60. Defendant's actions constitute unfair competition and are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

61. Upon information and belief, Defendant's conduct is part of a deliberate plan to trade on Venus' valuable goodwill and was done for the intentional purpose of misleading the public into believing Defendant's products are in some way sponsored by, affiliated with, or connected to Venus' products advertised and sold under Venus' Marks, all of which is contrary to fact and irreparably harmful to Venus' reputation and the goodwill it has developed.

62. Venus has no adequate remedy at law and has been and will continue to be irreparably harmed by Defendant's conduct unless this Court enjoins Defendant from its unlawful conduct in accordance with 15 U.S.C. § 1116.

63. As a result of Defendant's deliberate and willful conduct, Venus is entitled to damages, Defendant's profits, treble damages, attorneys' fees and costs and any and all other relief authorized by 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Illinois Uniform Deceptive Trade Practices Act -- 815 ILCS 510/3)

64. Venus incorporates by reference the allegations in paragraphs 1 through 63, above.

65. Defendant is located in Illinois and its conduct alleged above was substantially and primarily within Illinois.

66. Venus possesses prior and senior rights to Venus' Marks.

67. Defendant's conduct, as alleged above, results in a likelihood of confusion or misunderstanding on the part of the public and consumers regarding the source of Defendant's

goods.

68. Defendant has infringed Venus' Design Mark and its REAL ROSES THAT LAST A YEAR® mark, and falsely designated the origin or sponsorship of its goods.

69. Defendant's conduct is unfair competition and a deceptive trade practice, seeking to rely on Venus' Marks and other aspects of Venus' business and products to confuse the public and to take advantage of goodwill associated with Venus and its products.

70. Defendant's conduct, as described above, is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3.

71. Venus has been and will continue to be harmed by Defendant's conduct unless it obtains relief through this Court.

**FOURTH CLAIM FOR RELIEF**
**(Illinois Consumer Fraud and Deceptive Business Practices Act -- 815 ILCS 505/1 *et seq*.)**

72. Venus incorporates by reference the allegations in paragraphs 1 through 71.

73. Defendant's conduct, as alleged above, was intended to cause consumers and the general public to rely on its unfair, unlawful, and deceptive business practices.

74. Defendant's conduct, as described above, is in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

**FIFTH CLAIM FOR RELIEF**
**(Illinois Common Law Trademark Infringement)**

75. Venus incorporates by reference the allegations in paragraphs 1 through 74.

76. Venus owns all rights, title and interest in and to Venus' Marks, including all common law rights in those marks.

77. Defendant, without authorization from Venus, has used and is continuing to use Fleur's Design Mark, which is confusingly similar to Venus' Design Mark.

78. Defendant has acted with knowledge of Venus' ownership of Venus' Marks, and with deliberate intention or willful blindness to unfairly benefit from Venus' goodwill, associated with Venus' Marks.

79. Upon information and belief, Defendant has profited and will continue to profit from or make gains which it is not entitled to in equity.

80. Defendant will continue its infringing acts, unless and until restrained by the Court.

81. Defendant's acts have damaged and will continue to damage Venus, and Venus has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (Illinois Common Law Unfair Competition – 765 ILCS 1036/80)

82. Venus incorporates by reference the allegations in paragraphs 1 through 81.

83. Defendant's unauthorized use of Venus' Design Mark, and its other conduct in connection with Venus' Marks and its website, as alleged above, is unfair competition, violating the common law of the State of Illinois, recognized under 765 ILCS 1036/80.

84. Defendant willfully engaged in its unfair methods of competition, to confuse the public and trade upon Venus' products and trade identity.

**85.** Venus has been and continues to be irreparably damaged, and it does not have an adequate remedy at law, and Defendant will continue to damage Venus unless and until the Court enjoins Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Venus et Fleur, LLC prays that judgment be entered by this Court in its favor and against Defendant Fleur de l'Amour, LLC providing the following relief:

A. Finding that:

    i. Defendant has infringed Plaintiff's trademark rights under 15 U.S.C. § 1114;

    ii.    Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

    iii.    Defendant has committed unfair and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3; and

    iv.    Defendant has committed unfair, unlawful and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*;

B. Granting an injunction and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from

    i.    Engaging in any activity that infringes Plaintiff's rights in Venus' Design Mark and related intellectual property;

    ii.    Engaging in any activity constituting unfair competition with Plaintiff;

    iii.    Making or displaying any statement, representation, or depiction likely to lead the public or the trade to believe (a) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated with Plaintiff or (b) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

    iv.    Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words,

symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

 v. Registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating Venus' Design Mark or any other mark that infringes or is likely to be confused with Venus' Design Mark, or any goods or services of Plaintiff or Plaintiff as its source; and

 vi. Aiding, assisting or abetting any other individual or entity in doing any act prohibited by the foregoing sub-paragraphs.

C. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

D. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays and other materials, whether in person, on-line, or otherwise, in any and all media, that feature or bear any designation or mark incorporating Venus' Design Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Venus' Design Mark that is the subject of the within Complaint, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States

that distribute, advertise, promote, sell or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays and other materials, whether in person, on-line, or otherwise, in any and all media, featuring or bearing Venus' Design Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Venus' Design Mark, and to immediately remove them from public access and view.

E. Directing that Defendant recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays and related materials, whether in person, on-line, or otherwise, in any and all media, incorporating or bearing Venus' Design Mark or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Venus' Design Mark.

F. Directing Defendant to formally abandon with prejudice any and all of its applications to register any mark consisting of, incorporating or containing Venus' Design Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

G. Directing Defendant to cancel with prejudice any and all of its registrations for any mark consisting of, incorporating or containing Venus' Design Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

H. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service

on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

I. Awarding Plaintiff damages caused by Defendant's acts described herein.

J. Directing that Defendant account to and pay over to Plaintiff all profits realized by and all damages caused by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

K. Awarding Plaintiff treble damages pursuant to Sections 35(a) and (b) of the Lanham Act (15 U.S.C. §§ 1117(a) and (b)).

L. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

M. Declaring this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

N. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

O. Awarding such other and further relief as the Court deems equitable, just and proper.

DATED: August 17, 2018

        Respectfully submitted,
        **PLAINTIFF VENUS ET FLEUR, LLC**

        /s/ Kenneth D. Peters
        One of its attorneys

Kenneth D. Peters (ARDC No. 6186034)
Marc A. Primack (ARDC No. 2254514)
Dressler | Peters, LLC
70 West Hubbard Street, Suite 200
Chicago, IL 60654
Telephone: 312-602-7360
kpeters@dresslerpeters.com
mprimack @dresslerpeters.com

*Attorneys for Plaintiff Venus et Fleur, LLC*